IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:10cv134
[CRIMINAL CASE NO. 1:07cr101]

| | |
|---|---|
| ALLEN VAN BRITT, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## I. PROCEDURAL HISTORY

On October 24, 2007, the Petitioner was charged in a one-count Bill of Indictment with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:07cr101, Doc. 1]. On December 18, 2007, the Petitioner entered a guilty plea, pursuant to a written plea agreement, to the Bill of Indictment. [Id., Doc. 45]. Magistrate Judge Howell engaged

1

Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id., Doc. 50]. On June 25, 2008, the Honorable Lacy H. Thornburg sentenced the Petitioner to 115 months' imprisonment and five years of supervised release. [Id., Doc. 106].

On July 2, 2008, Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals. [Id., Doc. 111]. On July 2, 2009, in an unpublished decision, the Fourth Circuit affirmed this Court's judgment, concluding that this Court followed the necessary procedural steps in sentencing Petitioner; that Petitioner was appropriately enhanced two levels for the firearm located under his mattress; and that Petitioner's sentence was not disparate. United States v. Van Britt, 335 F. App'x 289 (4th Cir. 2009).

This case was assigned to the undersigned upon Judge Thornburg's retirement. Petitioner now files this motion, claiming that his trial attorney was ineffective for having failed to raise that the plea agreement was breached and that the sentencing guidelines were applied incorrectly and for having filed only an Anders[1] brief on appeal.

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; 104 S.Ct. 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 142, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d at 1430-31 (4th Cir. 1983)). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. 2052).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Indeed, the petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has entered a plea of guilty, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Because some of Petitioner's claims challenge issues at sentencing, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

Petitioner first argues that his counsel was ineffective for failing to argue that the written plea agreement was breached when his counsel failed to object during sentencing to a police officer's statement that Petitioner was found in possession of another firearm two weeks after the instant offense. [Doc. 1-1 at 1]. In support of this claim, Petitioner cites to paragraph 22(f) of his Plea Agreement which states that "[n]othing that the

defendant discloses pursuant to this Plea Agreement will be used against him in any other criminal proceeding, subject to the following exceptions: ...." [Doc. 45 at ¶22(f)].

The Court has reviewed Petitioner's Plea Agreement as well as other relevant documents from Petitioner's criminal file including the transcript of his sentencing hearing. Although Petitioner's Plea Agreement includes the language to which Petitioner cites, the Court concludes that there has been no violation of the Plea Agreement. During the sentencing hearing, Petitioner's counsel objected to the probation officer's calculation of a two-level increase for the gun found under Petitioner's mattress. In connection with that objection, Petitioner made a statement in which he acknowledged that the gun was found under his mattress on which he and his co-defendant were weighing drugs. He argued, however, that the gun was not his and that it actually belonged to a co-conspirator. [Criminal Case No. 1:07cr101, Doc. 130: Sentencing Transcript at 4-5]. In response to Petitioner's statement, counsel for the Government asked Officer Euten, the officer who conducted the search, to make a statement. Officer Euten explained that Petitioner gave him consent to search and he located a gun under Petitioner's mattress. Officer Euten then stated that Petitioner told

6

him that the gun belonged to his mother. Officer Euten further stated that he explained to Petitioner that he could be in more trouble because he was already a convicted felon. [Id. at 5-6]. Officer Euten added "[a]nd I think two weeks later Mr. Britt was also found in possession of another firearm." [Id. at 6].

Petitioner seems to argue that his counsel should have objected to Officer's Euton's statement about Petitioner being in possession of another weapon two weeks after the instant offense. He argues that counsel's failure to object was ineffective assistance and that Officer's Euten's statement was a violation of the above-referenced section of his Plea Agreement. Petitioner is mistaken. The reference Officer Euten made regarding another weapon did not impact Petitioner's sentence, nor, to the Court's knowledge, has Petitioner been charged with an offense related to this additional weapon referenced by Officer Euten. Further, with respect to the provision of the Plea Agreement to which Petitioner cited, the statement made by Officer Euton was not information disclosed by Petitioner pursuant to the Plea Agreement, which is what is governed by the language of paragraph 22(f). Petitioner has failed to establish a breach

of his Plea Agreement, and therefore, he has not established either prong of the Strickland test with respect to this claim.

Next, Petitioner argues that there is nothing in the Plea Agreement that states that a gun enhancement would apply.  He further argues that this Court should dismiss the two-point gun enhancement because his Plea Agreement was based on an "unfulfillable promise."  [Doc. 2 at 4].

Petitioner is correct that the Plea Agreement did not make reference to the gun enhancement.  The Plea Agreement, however, also includes no stipulations with respect to enhancements.  Therefore, the Plea Agreement does not preclude the Government from seeking an enhancement or supporting an enhancement recommended by the probation officer in the presentence report ("PSR").  The probation officer included a two-level enhancement pursuant to USSG § 2D1.1(b)(1) because a gun was found under Petitioner's mattress by law enforcement pursuant to a search of Petitioner's residence.  Although Petitioner denied that the gun was his, this Court allowed the enhancement.   The Fourth Circuit, in its unpublished decision, concluded that the firearm enhancement was properly applied. Van Britt, 335 F. App'x at 290.  The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."

United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Petitioner has not established a breach of this plea agreement or ineffective assistance of counsel with respect to this claim.[2] Therefore, Petitioner's claim regarding the gun enhancement must be denied.

Next, Petitioner argues that his counsel was ineffective for only filing an Anders brief and for not raising the issue of breach of the plea agreement on appeal. [Doc. 1-1 at 9]. Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct 1396, 18 L.Ed.2d 493 (1967), appellate counsel filed a brief indicating that he had reviewed the record and found no meritorious issues for appeal but questioned whether the district court properly applied the Guidelines and whether Petitioner's sentence was unreasonable because it was disparate to the sentences of other defendants in the case. Van Britt, 335 F. App'x at 289-90. Petitioner's counsel did what he was required to do pursuant to Anders v. California. Furthermore, Petitioner was notified of his right to file a *pro se* supplemental brief and he did not do so. Therefore, Petitioner cannot establish prejudice in connection with his

---

[2] The Court notes that pursuant to Petitioner's Plea Agreement, Petitioner waived his rights to collateral review except for claims of ineffective assistance and prosecutorial misconduct. [Criminal Case No. 1:07cr101, Doc. 45 at ¶19].

9

claim that counsel was ineffective for filing an Anders brief and his claim must fail.

As his last claim for relief, Petitioner argues that his counsel was ineffective for failing to object to the Court's imposition of a sentence at the top end of the Guidelines without explaining its reasoning. [Doc. 1-1 at 11]. Petitioner's claim is foreclosed by the Fourth Circuit's unpublished opinion in this case. Indeed, the Fourth Circuit considered the 115-month[3] sentence imposed by Judge Thornburg and concluded that "[t]he district court followed the necessary procedural steps in sentencing [Petitioner], appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and referencing § 3553(a)." Id. at 290. The Fourth Circuit also acknowledged that this Court considered and granted the Government's motion for a downward departure pursuant to section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) based on the Government's assertion that Petitioner truthfully detailed "his role in the conspiracy and the roles of others within the conspiracy." Id.

---

[3] Petitioner was facing a 120-month statutory minimum sentence.

Because the Fourth Circuit considered Petitioner's sentence of 115 months and concluded that this Court properly sentenced Petitioner considering the applicable Guidelines range and referencing the § 3553(a) factors, Petitioner cannot establish deficiency or prejudice in connection with his claim that his counsel was deficient for failing to object to the Court's sentence because the Court did not explain its reasoning. See Bell, 5 F.3d at 66 (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Petitioner has not established either prong of the Strickland test and his claim therefore fails.

### III.   CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claims.

### IV.   ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to

issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d. 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct 1595, 1604, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED**.

Signed: July 12, 2010

Martin Reidinger
United States District Judge